IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ROBERT LANCASTER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| CATERPILLAR, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff ROBERT LANCASTER by and through attorneys Simmons Hanly Conroy, LLC and for this cause of action against Defendant CATERPILLAR, LLC states as follows:

**STATEMENT OF FACTS**

1.  Plaintiff Robert Lancaster (hereinafter referred to as "Lancaster")  is an individual, who at all times relevant hereto, resided in Wildwood, Missouri.

2.  Defendant Caterpillar, Inc. (hereinafter "Caterpillar") is a Delaware corporation, that has its principal place of business in the State of Illinois.

3.  On October 2, 2018, Plaintiff Lancaster was employed by Ameren Corporation (hereinafter "Ameren") at the Labadie, Missouri facility.

4.  Plaintiff Lancaster worked with and on the communication equipment of various Ameren vehicles at all times relevant hereto, including on October 2, 2018.

5.      Defendant Caterpillar designed, manufactured, marketed, sold and/or distributed various pieces of equipment to Ameren for use, among other locations, the Labadie facility.

6.      Defendant Caterpillar designed, manufactured, markets, sold and/or distributed a large wheeled vehicle known as an 854K Dozer (hereinafter "the dozer").

7.      Defendant Caterpillar designed, manufactured, marketed, sold and/or distributed the dozer to Ameren for use at the Labadie facility.

8.      Plaintiff sustained personal injuries when he fell from the dozer designed, manufactured, marketed, sold and/or distributed by Defendant Caterpillar.

9.      Defendant Caterpillar designed, manufactured, marketed, sold and/or distributed the dozer with an emergency egress door that was not marked to differentiate it from the fixed safety rail.

10.     Defendant Caterpillar designed, manufactured, marketed, sold and/or distributed the dozer with an emergency egress door that did not properly secure or remain closed.

11.     Defendant Caterpillar had and has liabilities for the dozer.

12.     Plaintiff Lancaster fell from the top walkway of the dozer through the emergency egress door to the ground below when the unmarked door opened unexpectedly.

13.     Plaintiff Lancaster fell from the top walkway of the dozer through the emergency egress door to the ground below when the unmarked door failed to properly close and/or secure.

14.     As a direct and proximate result of this failure to properly mark an emergency egress door to distinguish it from the fixed safety rail, Plaintiff Lancaster fell and was severely injured.

15.     As a direct and proximate result of this emergency door's inability to be properly closed and/or secured, Plaintiff Lancaster fell and was severely injured.

16.     Plaintiff Lancaster's fall and injury was foreseeable and could or should have been anticipated by Defendant Caterpillar.

17.     Defendant knew or should have known that its failure to mark the emergency egress so as to distinguish it from an immovable and fixed safety rail posed an unreasonable risk of harm to any person working on the dozer, including Plaintiff Lancaster.

18.     Defendant Caterpillar knew or should have known that its failure to design, manufacture, and /or distribute the dozer with a safety egress door that properly closed and/or secured posed an unreasonable risk of harm to any person working on the dozer, including Plaintiff Lancaster

19.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

20.     Defendant Caterpillar purposely established minimum contacts with Missouri such that it should reasonably anticipate being subjected to the jurisdiction and/or be "hauled into court" in Missouri. Defendant Caterpillar's contacts with Missouri directly relate to the challenged conduct.

21.     Defendant Caterpillar has purposefully directed its activities at Missouri and purposefully availed itself of the privilege of conducting business Missouri and Plaintiff Lancaster's injuries arise from Defendant Caterpillar's Missouri-related activities.

22.     Venue is proper in the Eastern District of Missouri, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

## COUNT I

## NEGLIGENCE

23.     Plaintiff repeats, realleges. and adopts by reference thereto paragraphs 1 through 22, inclusive, as and for paragraphs 1 through 22 of Count I.

24.     Defendant Caterpillar had a duty to design, manufacture, market, sell and/or distribute equipment, including but not limited to the dozer that were safe for their intended use.

25.     Defendant Caterpillar had a duty to design, manufacture, market, sell and/or distribute the dozer with points of egress that were clearly marked and/or were distinguishable from fixed and/or immovable safety rails so as to prevent falls from the dozer.

26.     Defendant Caterpillar had a duty to design, manufacture, market, sell and/or distribute the dozer with appropriate safety rails and points of egress to prevent falls from the dozer.

27.     Defendant Caterpillar had a duty to design, manufacture, market, sell and/or distribute the dozer with egress doors that properly closed and/or secured shut to prevent falls from the dozer.

28.     Defendant Caterpillar breeched that duty when it to designed, manufactured, marketed, sold and/or distributed the dozer with unsafe railings, points of egress and/or egress doors, thereby making the dozer unsafe for its intended use so as to cause Plaintiff Lancaster's fall from the dozer and injury.

29.     Defendant breeched that duty when it designed, manufactured, marketed, sold and/or distributed the dozer with points of egress that were not clearly marked, were painted the same color as fixed and/or immovable safety rails and/or were indistinguishable from fixed and/or immovable safety rails so as to cause Plaintiff Lancaster's fall from the dozer and injury.

30.     Defendant Caterpillar breeched that duty when it designed, manufactured, marketed, sold and/or distributed the dozer with egress doors that did not properly latch closed and/or failed to secured shut so as to cause Plaintiff Lancaster's fall and injury.

31.     Defendant committed acts of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused Plaintiff Lancaster's injuries.

32.     Defendant Caterpillar's acts or omissions constituting negligence include, but are not limited to:

a.      Failed to properly design safety rails on the dozer;

b.      Failed to properly manufacture safety rails on the dozer;

     c.      Failed to properly mark the safety rails on the dozer;

     d.      Failed to distinguish the egress doors from the fixed and/or immovable safety rail;

     e.      Failed to properly design the egress doors on the dozer;

     f.      Failed to properly manufacture the egress doors on the dozer;

     g.      Failed to properly mark the egress doors on the dozer;

     h.      Failed to properly design the safety latch on the egress door;

     i.      Failed to properly design the lock on the egress door on the dozer;

     j.      Failed to properly manufacture or install the safety latch on the dozer;

     k.      Failed to properly manufacture or install the lock on the egress door on the dozer; and/or

     l.      Failed to make the walkway on the dozer safe for its ordinary and intended use.

33.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant Caterpillar, Plaintiff Lancaster fell from the dozer and sustained injury to his body.

34.    As a direct and proximate result of one or more of Defendant Caterpillar's foregoing negligent acts and/or omissions, Plaintiff Lancaster sustained severe and permanently disabling and disfiguring injuries, more specifically:

     a.      Sustained fractures to his right ankle;

     b.      Sustained fractures to his left ankle,

     c.      Sustained bruising to his right ankle;

     d.      Sustained bruising to his left ankle;

    e.      Sustained injuries and strains to the muscles, tendons and/or ligaments of his right ankle;

    f.      Sustained injuries and strains to the muscles, tendons, and/or ligaments of his left ankle;

    g.      Sustained injuries and strains to the muscles, tendons and/or ligaments of his back;

    h.      Was required to undergo surgery on his ankle;

    i.      Was required to have surgery and the placement of medical devices placed in and/or on his bones;

    j.      Is unable to walk long distances;

    k.      Is unable to walk distances without pain;

    l.      Is unable to walk without a limp or altered gait; and/or

    m.      Has scarring to his body.

35.    Plaintiff Lancaster as a result of the incident seeks compensation for the following damages:

    a.      The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b.      Past and future physical pain and suffering of Plaintiff;

    c.      Past and future physical disfigurement suffered by Plaintiff;

    d.      Past and future physical impairment suffered by Plaintiff;

    e.      Past and future mental anguish of Plaintiff;

    f.      Exemplary damages and Punitive damages;

    g.      Cost of suit; and,

h.      Any and all other damages in which Plaintiff may be justly entitled.

36.      For the foregoing reasons, Plaintiff Robert Lancaster prays for judgment against

Defendant Caterpillar and requests that the Court award money damages as listed

above, in such amounts that the jury may deem appropriate and are allowable by

law, along with any and all other relief the Court may deem appropriate.


## COUNT II

## STRICT LIABILITY

## MANUFACTURER DEFECT


37.       Plaintiff repeats, realleges and adopts by reference thereto paragraphs 1 through

36, inclusive, as and for paragraphs 1 through 36 of Count II.

38.      Defendant Caterpillar is in the business of manufacturing and selling various

equipment including, but not limited to the dozer.

39.      Defendant Caterpillar manufactured and sold the dozer to Plaintiff Lancaster's

employer Ameren.

40.      When Defendant Caterpillar manufactured the dozer to Plaintiff's employer it was

in an unreasonably dangerous condition when put to a reasonably anticipated use.

41.      When Defendant Caterpillar sold the dozer to Plaintiff's employer it was in an

unreasonably dangerous condition when put to a reasonably anticipated and or

intended use.

42.      Defendant Caterpillar manufactured and sold the dozer with defective points of

egress that were not clearly marked and/or were indistinguishable from

immovable safety rails thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

43.     Defendant Caterpillar manufactured and sold the dozer with defective safety rails and points of egress that were inadequate to prevent falls from the dozer thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

44.     Defendant Caterpillar manufactured and sold the dozer with defective egress doors that failed to properly latch closed and/or secured shut so as to prevent falls from the dozer thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

45.     Defendant Caterpillar manufactured and sold the dozer with defective and unsafe railings, points of       egress and/or egress doors thereby making it unreasonably dangerous when used in a reasonably anticipated manner and making the dozer unsafe for its intended use so as to cause Plaintiff Lancaster's fall from the dozer and injury.

46.     That at all times on or about October 2, 2018, Plaintiff walked and worked on the walkway of the dozer in a manner that would be reasonably anticipated by Defendant Caterpillar.

47.     That at all times on or about October 2, 2018, Plaintiff Lancaster utilized the safety rail in a manner that would be reasonably anticipated by Defendant Caterpillar.

48.     Plaintiff Lancaster was injured when he fell through the defective point of egress that was not clearly marked, was painted the same color as the fixed and/or

immovable safety rails and/or was indistinguishable from fixed and/or immovable safety rails.

49.     Plaintiff Lancaster was injured when he fell through the defective egress doors on the dozer that did not properly latch closed and/or failed to secure.

50.     Plaintiff Lancaster was injured when he fell from the dozer that was manufactured and sold by Defendant Caterpillar in a defective condition and was unreasonably dangerous     when put to a reasonably anticipated use by Plaintiff Lancaster.

51.     As a direct and proximate result of one or more of the foregoing defectively designed parts of the dozer, Plaintiff Lancaster fell from the dozer and sustained injury to his body.

52.     As a direct and proximate result of one or more of Defendant Caterpillar's defective designs, Plaintiff Lancaster sustained severe and permanently disabling and disfiguring injuries, more specifically:

a.      Sustained fractures to his right ankle;

b.      Sustained fractures to his left ankle,

c.      Sustained bruising to his right ankle;

d.      Sustained bruising to his left ankle;

e.      Sustained injuries and strains to the muscles, tendons and/or ligaments of his right ankle;

f.      Sustained injuries and strains to the muscles, tendons, and/or ligaments of his left ankle;

g.      Sustained injuries and strains to the muscles, tendons and/or ligaments of his back;

      h.      Was required to undergo surgery on his ankle;

      i.      Was required to have surgery and the placement of medical devices placed in and/or on his bones;

      j.      Is unable to walk long distances;

      k.      Is unable to walk distances without pain;

      l.      Is unable to walk without a limp or altered gait;

      m.      Has scarring to his body.

53.      Plaintiff Lancaster as a result of the incident seeks compensation for the following damages:

      a.      The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

      b.      Past and future physical pain and suffering of Plaintiff;

      c.      Past and future physical disfigurement suffered by Plaintiff;

      d.      Past and future physical impairment suffered by Plaintiff;

      e.      Past and future mental anguish of Plaintiff;

      f.      Exemplary damages and Punitive damages;

      g.      Cost of suit; and,

      h.      Any and all other damages in which Plaintiff may be justly entitled.

WHEREFORE, for the foregoing reasons, Plaintiff Robert Lancaster prays for judgment against Defendant Caterpillar and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

## COUNT III

## STRICT LIABILITY

## DEFECTIVE DESIGN

37.    Plaintiff repeats, realleges and adopts by reference thereto paragraphs 1 through 36, inclusive, as and for paragraphs 1 through 36 of Count III.

38.    Defendant Caterpillar is in the business of selling various equipment including, but not limited to the dozer.

39.    Defendant Caterpillar sold the dozer to Plaintiff Lancaster's employer Ameren.

40.    When Defendant Caterpillar sold the dozer to Plaintiff's employer it was in a defective condition and unreasonably dangerous with put to use in a reasonably and intended use.

41.    Defendant Caterpillar sold the dozer with defective points of egress that were not clearly marked and/or were indistinguishable from immovable safety rails thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

42.    Defendant Caterpillar sold the dozer with defective safety rails and points of egress that were inadequate to prevent falls from the dozer thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

43.    Defendant Caterpillar sold the dozer with defective egress doors that failed to properly latch closed and/or secured shut so as to prevent falls from the dozer thereby making it unreasonably dangerous when used in a reasonably anticipated manner.

44.   Defendant Caterpillar sold the dozer with defective and unsafe railings, points of egress and/or egress doors thereby making it unreasonably dangerous when used in a reasonably anticipated manner and making the dozer unsafe for its intended use so as to cause Plaintiff Lancaster's fall from the dozer and injury.

45.   That at all times on or about October 2, 2018, Plaintiff walked and worked on the walkway of the dozer in a manner that would be reasonably anticipated by Defendant Caterpillar.

46.   That at all times on or about October 2, 2018, Plaintiff Lancaster utilized the safety rail in a manner that would be reasonably anticipated by Defendant Caterpillar.

47.   Plaintiff Lancaster was injured when he fell through the defective point of egress that was not clearly marked, was painted the same color as the fixed and/or immovable safety rails and/or was indistinguishable from fixed and/or immovable safety rails.

48.   Plaintiff Lancaster was injured when he fell through the defective egress doors on the dozer that did not properly latch closed and/or failed to secure.

49.   Plaintiff Lancaster was injured when he fell from the dozer that was sold by Defendant Caterpillar in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use by Plaintiff Lancaster.

50.   As a direct and proximate result of one or more of the foregoing defectively designed parts of the dozer, Plaintiff Lancaster fell from the dozer and sustained injury to his body.

51.     As a direct and proximate result of one or more of Defendant Caterpillar's
        defective designs, Plaintiff Lancaster sustained severe and permanently disabling
        and disfiguring injuries, more specifically:

        n.      Sustained fractures to his right ankle;

        o.      Sustained fractures to his left ankle,

        p.      Sustained bruising to his right ankle;

        q.      Sustained bruising to his left ankle;

        r.      Sustained injuries and strains to the muscles, tendons and/or ligaments of
                his right ankle;

        s.      Sustained injuries and strains to the muscles, tendons, and/or ligaments of
                his left ankle;

        t.      Sustained injuries and strains to the muscles, tendons and/or ligaments of
                his back;

        u.      Was required to undergo surgery on his ankle;

        v.      Was required to have surgery and the placement of medical devices placed
                in and/or on his bones;

        w.      Is unable to walk long distances;

        x.      Is unable to walk distances without pain;

        y.      Is unable to walk without a limp or altered gait;

        z.      Has scarring to his body.

52.     Plaintiff Lancaster as a result of the incident seeks compensation for the following
        damages:

a.      The amount of reasonable medical expenses necessarily incurred in the

past, and those that will reasonably be incurred in the future;

b.      Past and future physical pain and suffering of Plaintiff;

c.      Past and future physical disfigurement suffered by Plaintiff;

d.      Past and future physical impairment suffered by Plaintiff;

e.      Past and future mental anguish of Plaintiff;

f.      Exemplary damages and Punitive damages;

g.      Cost of suit; and,

h.      Any and all other damages in which Plaintiff may be justly entitled.

WHEREFORE, for the foregoing reasons, Plaintiff Robert Lancaster prays for

judgment against Defendant Caterpillar and requests that the Court award money

damages as listed above, in such amounts that the jury may deem appropriate and are

allowable by law, along with any and all other relief the Court may deem appropriate.


Respectfully Submitted,

SIMMONS HANLY CONROY
Attorneys for Plaintiff


/s/ G. Michael Stewart
Ted N. Gianaris, IL#6237156
G. Michael Stewart, IL#6230339; MO#64351;
        CA#304926
One Court Street
Alton, IL 62002
618.259.2222
618.259.2251 (Fax)
tgianaris@simmonsfirm.com
mstewart@simmonsfirm.com