**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT LANCASTER,              )<br>                                               )<br>     Plaintiff,                          )<br>                                               )<br>     vs.                                    )<br>                                               )<br>CATERPILLAR, INC.,                )<br>                                               )<br>     Defendant.                        ) | Case No. 4:19-cv-02926-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  Plaintiff, Robert Lancaster, brought this action against Defendant, Caterpillar, Inc., after he fell from an 854K Wheel Dozer (854K) that Defendant designed, manufactured, marketed, and sold.  Plaintiff brought three counts against Defendant: negligence, strict liability manufacturer defect, and strict liability defective design.  On Defendant's Motion, the Court granted summary judgment to Defendant on the two strict liability counts and on all theories of Plaintiff's negligence count except as to Plaintiff's allegations that Defendant was negligent in its failure to warn, on which the Court denied summary judgment.  Doc. [46], 2021 WL 1222130.  After review and consideration, the Court concludes it erred in not granting Defendant summary judgment on all counts and will vacate its Order denying reconsideration of summary judgment and enter a Judgment awarding summary judgment to Defendant on all counts.

As the Court noted in its previous Memorandum and Order, the uncontroverted evidence shows that the latch pin mechanism of the gate was *not* in its as-sold condition at the time Plaintiff fell.  This fact precluded establishing liability on Plaintiff's strict liability manufacturing defect claim and on the strict liability defective design claim.  The Court now concludes that this

fact also precludes establishing liability on Plaintiff's negligence claim.  No evidence exists to show a foreseeable risk of harm to Plaintiff through the use of the 854K as-sold.  Plaintiff did not put forth any evidence that the gate on the as-sold 854K would open when Plaintiff leaned upon it.  Since there is no evidence that the gate, in its as-sold state, would have opened when leaned upon, it was not foreseeable that an injury might result from Plaintiff leaning upon the gate. Since the gate, in its as-sold condition, presented no defect or hazard, Defendant had nothing about which to warn.

Besides the issue of a lack of foreseeability of the harm, due to the post-sale modification to the 854K, Plaintiff did not show that a failure to warn was causative to his injuries.  Under Missouri law, the elements for negligence related to manufacture, design, or warnings as to a product are identical.  *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 466 (Mo. banc 2017). The Court previously granted Defendant summary judgment on all theories of negligence except failure to warn due to the lack of evidence on causation.  Thus, the Court concluded that Plaintiff could not causally connect his injuries with any defect or hazard on the 854k as-sold that would cause the gate to open when leaned upon.  This conclusion that required dismissal of the other theories of negligence also requires dismissal on the theory of negligent failure to warn.

## CONCLUSION

For the reasons stated in the Court's Memorandum and Order denying in part and granting in part Defendant's Motion for Summary Judgement, Doc. [46], as modified and amended herein, Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order denying reconsideration, Doc. [51], is **VACATED**.

- 3 -

**IT IS FURTHER ORDERED** that the Motion for Reconsideration, Doc. [47], is **GRANTED**. The Court's Memorandum and Order dated March 31, 2021, Doc. [46], is amended as detailed in this Memorandum and Order.

An appropriate Judgment accompanies this Memorandum and Order.

Dated this 22nd day of September, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE